DR. J. B. HIRSH et al. v. FIRST FORKED DEER DRAINAGE DISTRICT for HAYWOOD and CROCKETT COUNTIES, TENNESSEE.

Western Section. October 23, 1931.

Petition for Certiorari denied by Supreme Court, March 5, 1932.

Kinney & Carlton, of Brownsville, for plaintiff.

J. T. Gray, Jr., of Brownsville, and B. F. Jerman, of Alamo, for defendant.

HEISKELL, J.   Charles Rawls owned a tract of land within said drainage district, stated in the record to contain thirty-six acres, then stated to contain thirty-seven acres and again 37.85 acres.   It was assessed in the name of Charles Ross as 75.89 acres.   The boundaries given in the assessment correctly describe the land owned by Rawls.   The drainage tax was paid on said land by Rawls for 1916 to 1920 inclusive.   On December 21, 1921, he sold and conveyed this land to Mrs. Pearl Rothschilds Hirsh, wife of Dr. J. B. Hirsh and she has paid said taxes at least down to and including 1929.   It is stated that the taxes were paid under protest.   The purpose of this suit in the brief filed for Dr. Hirsh and wife is stated thus:

"This lawsuit was instituted to recover the taxes so paid under protest and erroneously assessed under Section 3871a51b5 of Shannon's Supplement to the Code, applying in cases where lands belonging to one person have been assessed to another person.   Said section is as follows:

"'3871a51b5.  Assessment in wrong name may be corrected; proceedings; collection; refundment to aggrieved party.—

When a mistake has been made by which the lands belonging to one person have been assessed to or in the name of another person or as embraced within the boundaries set out for a tract assessed to another person, the original decree fixing such assessment shall not be final, and any aggrieved party may file a petition in the county court in which the drainage or levy cause is pending to correct such mistake and to correct the assessments and all decrees, reports, blue prints, and plats accordingly, upon the filing of such petition the clerk of said court shall give ten days' written notice to the person or persons to whom it· is claimed that such land should have been assessed and at any time within twenty days after the service of such notice the cause may be heard by said court as provided for hearing causes in the first section of this act and the court shall render decree according to the merits of the controversy; and if the court decree that such mistakes was made then by decree all the reports, decrees, blue prints, maps, and plats shall be amended and corrected accordingly. And in case any assessment or assessments of any land so thus newly assessed to any person is or are past due, whether they have been paid by the aggrieved person or not, the same shall be collected by the county trustee immediately and shall become delinquent and shall be proceeded against as delinquent as now provided by law for proceeding in the matter of delinquent assessment, unless paid within sixty days after rendering such decree. And if any of the same has been theretofore collected by the trustee from the aggrieved party in the petition, the same shall be refunded to such aggrieved party by the trustee upon warrant drawn as now provided by law for the drawing and issuing of warrants in the matter of drainage and levy districts.' ''

Defendant filed a demurrer and before the hearing plaintiff amended, making Charles Rawls party defendant. Demurrer was overruled with leave to rely on the grounds of same in the answer of defendants. The cause was heard before James Tipton, chairman of the county court and the petition dismissed, and the plaintiff was taxed with the cost. The plaintiff appealed to the circuit court and the cause was heard and the court dismissed the petition and taxed the plaintiff with the cost. Plaintiff made a motion for a new trial which was overruled and an appeal prayed, granted and perfected to this court.

The section of the Code preceding the one relied on by plaintiff is as follows:

"3871a51b4. No correction of mistake in boundaries after decree upon assessment roll, When.—But no such petition shall be filed or heard after the decree has been rendered upon the directors' report upon assessment roll and the number of acres assessed to each owner; and the boundaries of land so assessed to him shall be final after the rendering of said decree upon said report on assessment roll, except as provided in the next section of this act."

So far as the mistake in the name goes, it is of little importance,—Ross for Rawls. Rawls, the owner, was a negro who could not read or write. The assessor no doubt heard the name and it sounded like Ross. This would have been corrected upon request we are sure. It is not shown that there was any such person as Charles Ross, certainly the land in question was intended for the tract of Charles Rawls, and the only material mistake was in assessing his land as 75.89 acres instead of the correct amount. Is this not a mistake which must, under section 3871a51b4, be corrected before decree upon the assessment roll?

Whether this is true or not, it seems clear that 3871a51b5 was intended to provide for a case like this. It was to provide a remedy where the property of one person was assessed to another. If there had been a Charles Ross and he had owned a tract adjoining the thirty-six acres of Charles Rawls, the two aggregating seventy-five acres and the whole had been assessed to him, he would have had an action under 387151b5 to make the correction upon giving notice to Charles Rawls, and if he, Ross, had paid on more than his own land he could recover.

It is very likely that drainage district officials as well as property owners found some confusion in the Act of 1921, Chapter 144, from which Section 3871a51b5 is taken for the next Legislature in 1923 passed an act, Chapter 73, Section 1, carried into the Code as Section 3871a133b1, which is as follows:

"Excessive assessment of acreage corrected in chancery; whether additional assessment is necessary, and amount of same.—Whenever it may appear that any tract of land within any such drainage district has been assessed with fifteen per cent or more excess acreage, the owner of any such tract of land may go into the chancery court by bill filed against the district and directors and have said mistake corrected and the assessment changed, and such chancery court shall in the decree correcting said mistakes determine whether it shall be necessary for said district to levy a special assessment to meet the deficiency caused by the correction of said mistake, and if a special assessment is needed the said chancery court shall determine the amount of the same and the directors are hereby authorized and they shall,

as soon as any such cause is determined, proceed to levy such special assessment and it shall be spread upon the tax books and collected as other assessments."

This meets the present case exactly. Rawls was assessed with seventy-five acres. The mistake in the name did not make him pay any more or pay on the land of any one else, but he was assessed with more than fifteen per cent excess acreage. He was entitled to have this corrected by a suit in chancery and this would leave a deficit in the district of say thirty-nine acres and this would be a question for the Chancellor to deal with and say whether it would be necessary for the district to levy a special assessment. This section requires no notice to any other property owner. It is simply a question between the property owner assessed on surplus acreage, and the district. It not only provides accurately for a case like this, but supports the construction that the section relied on by plaintiffs does not so provide.

If any suit can be maintained by the plaintiffs it must be in the chancery court under the Act of 1923. It is not before us to say whether such a suit can be prosecuted at this time. We refer to this section as supporting the contention which we think already clear that Section 3871a51b5 does not authorize the present suit. We think the chairman of the county court and the circuit court were right in holding that they could give no relief to the plaintiff under the statute invoked, and were right in dismissing the petition. It follows that all assignments of error are overruled and the judgment of the lower court is affirmed. The plaintiffs will pay the costs of the appeal.

Owen and Senter, JJ., concur.